IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Amy Marie Bell, ) | Civil Action No.: 8:14-3647-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Amy Marie Bell, ("Plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Commissioner of Social Security ("Commissioner"), denying her claim for Supplemental Security Income ("SSI") under the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. On November 30, 2015, the Magistrate Judge issued a Report and Recommendation, ("Report"), concluding that the findings of the Administrative Law Judge, ("ALJ"), were supported by substantial evidence and recommending that the decision of the Commissioner be affirmed. (ECF No. 20). Plaintiff filed an Objection to the Report on December 14, 2015, (ECF No. 21), to which the Commissioner replied on December 18, 2015. (ECF No. 22). The matter is now ripe for decision.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the record, the Report and Plaintiff's Objection. In the Objection, Plaintiff continues to maintain that the ALJ improperly discounted the opinion of Plaintiff's treating physician, Dr. Singh, in determining Plaintiff's residual functional capacity (RFC), and objects to the Magistrate Judge's finding that the ALJ properly evaluated Dr. Singh's opinion, adequately indicating and explaining the weight assigned to that opinion and other medical opinions based on all of the available medical records. Specifically, in her Objection, Plaintiff takes issue with the ALJ and Magistrate Judge's failure to assign due weight to certain findings by Dr. Singh as to limitations in Plaintiff's ability to manipulate her right hand.

Plaintiff's Objection is overruled as without merit. The Court has little trouble concluding that substantial evidence supports the ALJ's analysis, including the ALJ's weighing of the medical opinions offered and the resulting determination of Plaintiff's RFC. The record reflects that the ALJ properly considered the overall opinions of both Dr. Singh and Dr. Steinert, including those

physicians' important but in no respects outcome-determinative findings related to Plaintiff's decreased ability to manipulate her right hand.

It is hereby **ORDERED** that the Magistrate Judge's Report is accepted and incorporated herein by reference, (ECF No. 20), that Plaintiff's Objection is overruled, (ECF No. 21), and that the decision of the Commissioner is **AFFIRMED.**

**IT IS SO ORDERED**.

s/Mary G. Lewis
United States District Judge

December 18, 2015
Columbia, South Carolina